```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                         :
UNITED STATES OF AMERICA                 :
                                         :           INDICTMENT
           - v. -                        :
                                         :           08 Cr.
BYRON TEODORO ESCOBAR-ESPANA             :
    a/k/a "Biro Teodoro Escobar-Espana," :
    a/k/a "Byron Escobar,"               :
    a/k/a "Byron T. Espana,"             :
           Defendant.                    :
                                         :
                                         :
                                         :
- - - - - - - - - - - - - - - - - - - - x
```

ORIGINAL

## COUNT ONE

The Grand Jury charges:

On or about June 13, 2008, in the Southern District of New York and elsewhere, BYRON TEODORO ESCOBAR-ESPANA, a/k/a "Biro Teodoro Escobar-Espana," a/k/a "Byron Escobar," a/k/a "Byron T. Espana," the defendant, being an alien, unlawfully, willfully, and knowingly, did enter, and was found in, the United States, after having been denied admission, excluded, deported and removed from the United States on or about October 17, 2001, subsequent to a conviction for the commission of an aggravated felony, to wit, a conviction on or about November 14, 2000, in Putnam County Court, New York, for criminal possession of a controlled substance in the third degree, and without having obtained the express consent of the Attorney General of the United States, or his successor, the Secretary for Homeland Security, to reapply for admission.

(Title 8, United States Code, Sections 1326(a) and (b)(2).)

_____          _____
FOREPERSON                               MICHAEL J. GARCIA
                                         United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

         - v. -                  :     INDICTMENT

MENOSCAL FERNANDEZ, JR.,         :     08 Cr
                                 :
         Defendant.              :
- - - - - - - - - - - - - - - - x
```

**08 CRIM. 0759**

<u>COUNT ONE</u>

The Grand Jury charges:

1. On or about July 31, 2008, in the Southern District of New York, MENOSCAL FERNANDEZ, JR., the defendant, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about August 18, 2005, in Springfield District Court, Massachusetts, for assault with a dangerous weapon, a felony, unlawfully, willfully, and knowingly, did possess in and affecting commerce a firearm, to wit, a Colt .38 revolver, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)


_____              _____
FOREPERSON                           MICHAEL J. GARCIA
                                     United States Attorney

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

ORIGINAL

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

      -v.-                        :     INDICTMENT

MILANA MURCIA,                    :     08 Cr. **08 CRIM. 0761**

      Defendant.                  :
- - - - - - - - - - - - - - - - -x

### COUNT ONE

(Conspiracy to Commit Mail Fraud)

The Grand Jury charges:

#### Background

1. At all times relevant to this Indictment, Regenat USA Holding Corporation ("Regenat") was a company incorporated in the State of New York. Regenat was purportedly in the business of recycling timber and waste; producing wood, charcoal, and biomass fuel; and purifying water. Regenat's corporate officers included MILANA MURCIA, the defendant, who was its Vice-President, and a co-conspirator, who was its President and Chief Executive Officer. Regenat's principal corporate offices were located in the residences of MILANA MURCIA and an individual related to her.

2. Beginning in at least in or about May 2003 and continuing into at least January 2008, MILANA MURCIA and a co-conspirator recruited investors for Regenat. In recruiting investors, MURCIA and a co-conspirator made various false and fraudulent pretenses, representations, and promises to those

investors about Regenat's current business, its business prospects, and its business relationships in order to induce them to invest money in Regenat, and subsequently, to persuade them to maintain their investments in Regenat, and to induce them to invest more money in Regenat. The recruited investors invested in excess of $2 million in Regenat.

3.  At all times relevant to this Indictment, none of the investors ever received any return on their investments. In addition, investors who sought the return of the funds they had invested in Regenat were lulled by excuses and representations about developments related to the business. MURCIA and a co-conspirator diverted a substantial portion of the monies invested in Regenat by outside investors for their own personal use, such as meals at restaurants, clothing purchases, medical and dental expenses, cable bills, and alimony payments.

<u>Statutory Allegation</u>

4.  From at least in or about May 2003, up to and including at least in or about January 2008, in the Southern District of New York and elsewhere, MILANA MURCIA, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1341.

5.  It was a part and an object of the conspiracy that

MILANA MURCIA, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by a private and commercial interstate carrier, and would and did take and receive therefrom, any such matter and thing, and would and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, in violation of Title 18, United States Code, Section 1341.

### Overt Acts

6.    In furtherance of the conspiracy and to effect the illegal object thereof, MILANA MURCIA, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

  a.    In or about October 2006, a stock certificate for Regenat was sent via Federal Express from Connecticut to an investor in Pennsylvania.

    b. On or about March 20, 2006, MILANA MURCIA had a telephone conversation with an Regenat investor, who was in White Plains, New York, in which MILANA MURCIA falsely claimed that Regenat was preparing to sign several significant contracts in Maine.

    (Title 18, United States Code, Section 1349.)

## COUNT TWO

(Mail Fraud)

    The Grand Jury further charges:

    7. The allegations set forth in paragraphs 1 through 3 and 6 of this Indictment are repeated and realleged as if set forth in full herein.

    8. From at least in or about May 2003, up to and including in or about January 2008, in the Southern District of New York and elsewhere, MILANA MURCIA, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting so to do, would and did place and caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and caused to be deposited matters and things to

be sent and delivered by a private and commercial interstate carrier, and would and did take and receive therefrom, any such matter and thing, and would and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, to wit, stock certificates for Regenat sent by Federal Express.

(Title 18, United States Code, Section 1341)

### FORFEITURE ALLEGATION

9. As a result of committing the offenses alleged in Counts One and Two of this Indictment, MILANA MURCIA, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in this Indictment.

<u>Substitute Asset Provision</u>

10. If any forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

5

        (3) has been placed beyond the jurisdiction of the Court;

        (4) has been substantially diminished in value; or

        (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461; Title 21, United States Code, Section 853(p).)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney